# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN P. KUNHEL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.  1:05 -cv-00905-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 26, 28)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Petitioner Harvey P. Sackett ("Counsel"), attorney for Plaintiff Kevin P. Kunhel ("Plaintiff"), filed the instant motion for attorney fees on January 27, 2014.  Counsel requests fees in the amount of $25,563.50 pursuant to 42 U.S.C. § 406(b)(1).  Plaintiff has not objected to the request.  On January 28, 2014, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Counsel's motion providing an analysis of the fee request.

**I.**

**BACKGROUND**

On July 11, 2005, Plaintiff filed a complaint in this action seeking review of the Commissioner's denial of disability benefits. (ECF No. 1.)  Pursuant to the stipulation of the parties, the action was remanded on August 25, 2006, and judgment was entered in favor of Plaintiff. (ECF Nos. 19, 20, 21.)  On July 15, 2013, the Commissioner issued a decision granting

Plaintiff's application for benefits. (ECF No. 26-3.) Plaintiff received $142,254.00 in retroactive benefits. (Mem. of P & A. in Support of Application for Award of Attorney's Fees 2, ECF No. 26.) The Commissioner withheld $35,563.50 of the past due benefit for attorney fees. This amount equals 25 percent of the retroactive benefit award. (Notice of Award 2, ECF No. 26-4.)

In the instant motion, Counsel seeks $25,563.50 for 40.8 hours of attorney time. After crediting $6,000.00 received previously pursuant to the EAJA, Counsel requests a net fee of $19,563.50 from the past-due award.

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. 28 U.S.C. § 2412. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

### III.
### DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 122 S.Ct. at 1828. Here, the fee agreement between Plaintiff and Counsel provides that if Plaintiff receives a favorable decision after an unfavorable administrative law judge decision the fee shall be "25 percent of the past-due benefits owed. . . ."[1] (Fee Agreement 1, ECF No. 26-5.) Plaintiff's award of benefits is substantial because the back pay dates back to November 2001 when his entitlement began. (ECF No. 26-4 at 1.) Accordingly, Plaintiff is receiving approximately 12 years of back pay from November 2001 through December 2013, which totals $142,254.00 in retroactive benefits. In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. Although this action does involve twelve years of back pay, there is no indication that Counsel was responsible for any substantial delay in the proceedings. Counsel is requesting less than the 25 percent contingent-fee. Plaintiff agreed to a 25 percent fee at the outset of the representation and Counsel is seeking $25,563.50 which is 18 percent of the back pay award. The $25,563.50

---

[1] The Court notes that the fee agreement submitted by counsel was signed on June 26, 2013. Since Plaintiff has not objected to the award of fees, the Court assumes that this is the agreement the parties entered into at the inception of this action.

fee ($19,563.50 net fee after subtracting the previously awarded EAJA fee) is not excessively large in relation to the past-due award of $142,254.00.  In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated.  Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

Without taking a position on the reasonableness of the request, Defendant brings to the Court's attention that the fees requested in this action would amount to $626.56 per hour.  (ECF No. 28 at 3 n.2.)  In Crawford the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive.  Crawford, 486 F.3d at 1152 (dissenting opinion).

The Court finds that the requested fees are reasonable when compared to the amount of work Counsel performed in representing Plaintiff in this action.  Counsel prepared and filed a 29 page opening brief which required review of the 639 page administrative record.  As a result of Counsel's efforts, the parties stipulated to remand this action for further proceedings.  Counsel also submitted a detailed billing statement which supports his request.  (ECF No. 26-7.)

## VI.

## CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court finds that the fees sought by Counsel pursuant to Section 406(b) are reasonable.  Accordingly,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $25,563.50 be GRANTED; and
2. Petitioner's award should be offset by $6,000.00 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

1  district judge will review the magistrate judge's findings and recommendations pursuant to 28
2  U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified
3  time may waive the right to appeal the district judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153
4  (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 18, 2014**

UNITED STATES MAGISTRATE JUDGE